UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THEODORE BROWN,

        Petitioner,                          **DECISION AND ORDER**

        -v-                                  17-CV-6193 EAW

SUPERINTENDENT JOSEPH H.
NOETH, Warden/Superintendent Attica
Correctional Facility,

        Respondent.
_____

## INTRODUCTION

Petitioner Theodore Brown ("Petitioner") has filed a Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, alleging that he is in state custody as a result of a state criminal conviction obtained in Broome County Court in violation of his due process rights. (Dkt. 1). Petitioner also seeks permission to proceed *in forma pauperis*. (Dkt. 2). The Court finds that Petitioner has met the requirements to proceed as a poor person pursuant to 28 U.S.C. § 1915(a), and, Petitioner's request to proceed *in forma pauperis* is therefore granted.

## NOTICE OF CONVERSION AND OPPORTUNITY TO WITHDRAW

Although the Petition is brought under § 2241, the Second Circuit Court of Appeals has held that the proper habeas corpus statute to challenge a state court conviction or sentence is 28 U.S.C. § 2254 and that, in such a situation, the district court is required to convert the petition to an application brought under § 2254. *See Cook v.*

*N.Y. State Div. of Parole*, 321 F.3d 274, 275-78 (2d Cir. 2003); *Beardsley v. Crowell*, No. 16 Civ 0259 (EAW), 2016 WL 4734678, at *1 (W.D.N.Y. Sept. 9, 2016) ("In situations such as this, where Plaintiff erroneously brings a claim under § 2241, the district court must convert the § 2241 petition to a § 2254 petition."). Section 2254 governs petitions filed on behalf of any "person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see Maldonado v. Savage*, No. 07 Civ 0106A, 2007 WL 952043, at *1 (W.D.N.Y. Mar. 28, 2007) ("By its terms, section 2254 is not limited to challenges to an underlying conviction or sentence but can be used by any state prisoner who is in custody pursuant to a state court judgment and who challenges that custody on constitutional grounds." (quotations and citations omitted)); *compare James v. Walsh*, 308 F.3d 162, 166-67 (2d Cir. 2002) (holding that Section 2241 applies to *federal* prisoners challenging the execution of a sentence).

However, before the Court can convert this § 2241 Petition to one brought pursuant to § 2254, it must first give Petitioner notice of its intention to convert the Petition and an opportunity to withdraw the Petition, without prejudice, because § 2254 petitions are subject to the "second" or "successive" petition restrictions of 28 U.S.C. § 2244(b).[1] Such restrictions "might preclude [Petitioner] from ever seeking

---

[1] 28 U.S.C. § 2244(b)(2) provides that:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

federal review of claims, even meritorious ones, not raised in th[e] petition." *Cook*, 321 F.3d at 281-82; *see Castro v. United States*, 540 U.S. 375, 383 (2004) (adopting the rule set forth in *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (district courts should not recharacterize such motions unless the petitioner is advised of the potential adverse consequences of such recharacterization)). In addition, a petition recharacterized as an § 2254 application will be subject to the one-year period of limitations set forth in § 2244(d)(1). *Brown v. Guiney*, No. 06 Civ 55S, 2006 WL 1144499, at *2 (W.D.N.Y. Apr. 25, 2006). The Court further advises Petitioner that although he must be informed of the restrictions on second or successive petitions in order to be given meaningful notice of the opportunity to withdraw his current application, the second or successive prohibition applies only to issues which Petitioner could have brought in a previous or subsequent petition but failed to do so. *See James*, 308 F.3d at 167 ("[A] claim raised in a prior Section 2254 petition, but dismissed as premature, is not subject to the gatekeeping provision of Section 2244.").

Accordingly, the Court is hereby notifying and advising Petitioner that it intends to recharacterize this Petition as one brought pursuant to 28 U.S.C. § 2254 and that the

---

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

recharacterized Petition will be subject to the restrictions set forth in 28 U.S.C. § 2244. The recharacterization of this Petition to an application brought under 28 U.S.C. § 2254 will occur unless Petitioner notifies the Court in writing by **July 14, 2017** that he either (1) consents to the recharacterization despite the potential adverse consequences and the period of limitations set forth above, or (2) voluntarily withdraws the § 2241 Petition instead of having it recharacterized as a petition brought under § 2254. If Petitioner does not advise the Court in writing by **July 14, 2017 of either his consent** to the recharacterization of this Petition as one brought pursuant to § 2254 **or his voluntary withdrawal** of this Petition, the Court will recharacterize this § 2241 Petition as one brought pursuant to § 2254.

## TRANSFER

The Court further notes that, in the event that this Petition is converted to a petition under § 2254 due to Petitioner's notification of his consent to the recharacterization of his Petition or his failure to withdraw the Petition, the Petition will be transferred to the United States District Court for the Northern District of New York. The Court finds that because all of the records relating to the Petitioner's underlying criminal conviction are located in the Northern District of New York, venue is proper in that district. 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493-494, 499 (1973); *see Ford v. Bradt*, 71 F. Supp. 3d 364, 367-68 (W.D.N.Y. 2014) ("Federal district courts have not hesitated to transfer habeas corpus applications to the district of conviction because the evidence is more readily accessible in the district where [the] petitioner was convicted." (quotations and citations omitted)).

Moreover, all of the events, and related facts, underlying the claims asserted in the Petition are alleged to have occurred in Broome County, which is within the geographical confines of the Northern District of New York. The events giving rise to Petitioner's habeas claims occurred in the Northern District of New York, as he asserts that his constitutional rights were violated during his state court trial in Broome County. *See Ford*, 71 F. Supp. 3d at 368 (finding that the plaintiff's transfer from the district of confinement was appropriate because the relevant court records as well as the "evidence and witnesses that [were] pertinent to his claims" were located in the district of conviction). Therefore, this Court will transfer this Petition to the Northern District of New York in the event the Petition is converted to a petition under § 2254.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

DATED: June 14, 2017
Rochester, New York